IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIAN PEREZ, *Plaintiff* | § § § | |
| | § | Civil Cause: 2:16-cv-00127 |
| v | § § | JURY TRIAL DEMANDED |
| NEW BREED LOGISTICS, INC. *Defendant.* | § § § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Julian Perez, Plaintiff complaining of Defendant New Breed Logistics, Inc. and in support thereof would respectfully show the Court the following.

### NATURE OF THE ACTION

1. Julian Perez brings this action alleging that New Breed Logistics, Inc. and Patricio enterprises, Inc. violated his rights under Title 1 of the Americans with Disability Act of 1990, as amended for discrimination based upon a disability and the failure to accommodate the same and terminate his employment, Conspiracy, Common Law Fraud and Fraud in the Inducement. He brings this action against Patricio Enterprises, Inc. alone for Tortious Interference with Existing Contract.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action by reason of 28 USC §1331 and §1343, in that Plaintiff seeks to redress a violation of his civil rights namely disability discrimination he experienced at the hands of New Breed Logistics, Inc. Venue is proper in this District pursuant to 28 USC §1391 because the acts complaint of primarily occurred within the

1

geographical boundaries of the United States District Court for the Southern District of Texas, Corpus Christi Division.

3. This Court has jurisdiction over Plaintiff's state law claims by virtue of 28 U.S.C §1367.

**PARTIES**

4. Plaintiff Julian Perez ["Perez"] brings this action in his individual capacity. Plaintiff currently resides in Bexar County, Texas and was employed full time by New Breed Logistics, Inc. from December 31, 2011 to August 15, 2012.

5. Defendant New Breed Logistics, Inc. ["New Breed"] is or was a corporation doing business in Nueces County, Texas. At all pertinent times New Breed was the employer of Mr. Perez. Service of Process on New Breed has been effected by service on its registered agent: CORPORATION SERVICE COMPANY b/d/a CSC-LAWYERS INCO, 211 E. 7th Street Suite 620, Austin, Texas 78701

6. Defendant Patricio Enterprises, Inc. [Patricio] is a corporation doing business in Nueces County, Texas. At all pertinent times Patricio was not the employer of Mr. Perez. Service of Process on Patricio may be effected by serving its registered agent: CORPORATION SERVICE COMPANY b/d/a CSC-LAWYERS INCO, 211 E. 7th Street Suite 620, Austin, Texas 78701.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. As to New Breed, Perez timely filed a charge of discrimination with the Equal Employment Opportunity Commission under the Americans with Disabilities act of 1990, as amended on or about February 12, 2013 and he received his Notice of Right to Sue on January

25, 2016. A copy is attached hereto as Exhibit A, and incorporated by reference as fully set out herein. More than 180-days have passed since Perez filed his charge of discrimination.

## FACTS

8. Perez started working for New Breed at its location at the Corpus Christi Army Depot ["CCAD"] on August 18, 2011 as a temporary Material Handler. New Breed held a subcontract with Patricio Enterprises ["Patricio"] which in turn held a contract with CCAD. Patricio was at no time Perez' employer. To be able to have access and enter the CCAD employees are assigned a Common Access Card. ["CAC"]. Perez was assigned one of these cards as well as an ID Badge. On December 31, 2011 New Breed granted him regular employment.

9. On February 29, 2012 Perez was injured on the job while moving a part from a rolling cart to an elevated pallet. Perez received medical attention and the determination was made he needed restrictions to be able to continue working. On March 02, 2012 New Breed made him a "Bona Fide Offer of Employment" in compliance with his medical restrictions. Perez accepted this offer and continued to work while receiving medical treatment for the injury sustained.

10. As a result of the injury Perez developed rotator cuff tendinopathy of his Left shoulder, which became so debilitating that in late June 2012 he had to take leave from work altogether. When he did, New Breed temporary suspended, but never terminated him. After a few days New Breed apparently realized their mistake and quickly reinstated Perez and he received worker's comp status.

11. On or about July 30, 2012 Patricio emailed New Breed to inquire whether Perez was suspended or terminated. New Breed answered that he was suspended and informed

3

Patricio Perez would be getting a bona fide letter of employment. The owner of Patricio recommended that New Breed tell Perez not to return to the base for work, thereby instructing New Breed to violate the Americans with Disability Act of 1990 as amended.

12. On or about August 06, 2012 Perez' medical provider reported to New Breed the status of Perez's latest medical condition and his current restrictions and New Breed offered Perez a "Bona Fide Offer of Employment" and told Perez he could start on or about August 27, 2012, or if he so desired, at an earlier date. Perez accepted the offer and decided to return to return to work early on August 15, 2012.

13. On or about August 15, 2012 and only several hours after Perez returned to work he was escorted off the premises by the Department of Defense Logistics Agency [Hereinafter DLA]. The DLA took his CAC and ID Badge which made it impossible for Perez to return to the Base. At the time of his removal he received no clear explanation as to why he was removed and why his employment was terminated. But, on or about September 18, 2012 New Breed forwarded Perez a letter stating he was terminated because he no longer had clearance to CCAD because his CAC had been revoked.

14. The real reason for his removal was that New Breed and Patricio and had falsely informed the DLA that Perez had showed up at the worksite at his own discretion, that he had been terminated and to escort him of the premises and to collect his CAC and ID Badge.

15. As a result of his termination Perez filed a claim to with the Texas Workforce Commission [Hereinafter TWC] requesting to receive unemployment benefits. On or about October 17, 2012 he received notice from the TWC that he was eligible to receive unemployment benefits because the TWC investigation had revealed that Perez had been

terminated by New Breed because of his medical ailment, while he was able to work with restrictions.

16. Perez filed a complaint with the EEOC on or about February 12, 2013. After an extensive investigation the EEOC concluded that New Breed's reasoning for Perez' termination because his CAC had been revoked, could not be verified and the EEOC made the determination that Perez' had been discriminated against based on his disability in violation of the Americans with Disability Act of 1990, as amended.

17. Through a long running conciliatory process the parties attempted to come to a resolution, until New Breed unexpectedly withdrew its cooperation because it felt the penalties the EEOC demanded too harsh compared to the severity of its violation. Perez asked for his Right to Sue letter and received this letter on or about January 25, 2016.

18. As part of litigation this law-suit against New Breed, Perez requested a received a copy of the 988 page EEOC file. Examination of this file by Plaintiff revealed for the first time Patricio's involvement in the removal of Perez from the premises of CCAD the confiscation of his CAC and ID Badge and his termination of employment.

## CLAIMS UNDER THE AMERICANS WITH DISABILITY ACT OF 1990, AS AMENDED

19. Perez incorporates by reference paragraphs 1-18 as fully set out herein

20. This claim is made against New Breed Logistics, Inc. and Patricio Enterprises, Inc. On August 15, 2012 New Breed effectively terminated the employment of Perez because of his disability after having been on the job for only a few hours. At all time New Breed knew that Perez was an employee with a Disability, who had accepted an bona fide offer of employment with New Breed, who had just returned to work and who was able to work and perform his job functions with proper accommodation and restrictions.

## TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

21. Perez incorporates by reference paragraphs 1-18 as fully set out herein.

22. This claim is made against Patricio Enterprises, Inc. At the time of his removal from the Corpus Christi Army Depot Base, Perez had a bona fide offer of employment from New Breed; he had accepted the offer and was therefore employed with New Breed. Being fully aware of the bona fide offer of employment Defendant Patricio willfully and intentionally interfered with Perez' existing employment by informing the Department of Defense Logistics Agency that Perez showed up at the worksite at his own discretion and asked for them to escort Perez off the Base and to collect his Common Access Card and ID Badge. As a result Perez was not able to return to the worksite and was in effect terminated. The interference by Patricio with the existing employment of Perez with New Bred was the proximate cause of the injury to Perez and as a result Perez suffered actual damages or loss.

## CONSPIRACY

23. Perez incorporates by reference paragraphs 1-18 as fully set out herein.

24. This claim is made against New Breed Logistics, Inc. and Patricio Enterprises, Inc. Sub-contractor and Defendant New Breed made a bona fide offer of employment to Plaintiff Perez. Contractor and Defendant Patricio knew the bona fide offer of employment would be made. Plaintiff Perez relied on the representation he had a bona fide job offer, accepted the offer and commenced to begin work. Defendants made the offer with the intent that Plaintiff Perez would act on it. Once Perez relied on the offer and commenced work, Defendant Patricio contacted the Department of Defense Logistics Agency to falsely notify the DLA that Perez was on the premise of Corpus Christi Army Depot at his own discretion and asked the DLA to escort Perez off the base and confiscate his Common Access Card and ID badge. The object was to

accomplish that Plaintiff Perez would not have to be provided with a job that required an accommodation. Sub-contractor and Defendant New Breed and Contractor and Defendant Patricio had meeting of the mind on the course of action involved. Defendants took overt action to further the object or course of action. Defendants never had the intent to provide Plaintiff with employment which required accommodation and as a result of his termination Plaintiff suffered injuries as approximate result of the wrongful act[s] by Defendants.

## COMMON LAW FRAUD AND FRAUD IN THE INDUCEMENT

26. Perez incorporates by reference paragraphs 1- 18 as fully set out herein.

27. This claim is made against New Breed Logistics, Inc. and Patricio Enterprises, Inc. Sub-contractor and Defendant New Breed made a bona fide offer of employment to Plaintiff Perez. Contractor and Defendant Patricio knew Defendant New Breed would make the bona fide offer of employment would be made and that this would induce Plaintiff to return to Corpus Christi Army's Depot. Plaintiff Perez relied on the representation he had a bona fide offer of employment, accepted the offer and commenced his employment. Defendants made the offer with the intent that Plaintiff Perez would act on it and return to the Corpus Christi Army's Depot. Once Perez relied on the offer and commenced work, Defendants contacted the Department of Defense Logistics Agency [DLA] to falsely notify the DLA that Perez was on the premise of the CCAD at his own discretion and asked the DLA to escort him off the base and confiscate his Common Access Card and Identification Badge making it impossible for Perez to return to the CCAD and work. Defendants New Breed and Patricio never had the intent to provide Plaintiff with an accommodation and as a result of his termination Plaintiff suffered injuries.

# PRAYER

. WHEREFORE Mr. Perez demands judgment against New Breed Logistics, Inc. currently operating as XPO Logistics, Inc. as follows:

1. Compensatory damages in the amount to be determined at trial
2. Back pay, with prejudgment interest
3. Front pay
4. Compensation for past and future non-pecuniary loss stemming from New Breed's unlawful discriminatory conduct, including but not limited to emotional distress and loss of enjoyment of life, in an amount to be determined at trial.
5. Punitive damages arising from New Breed's intentional and malicious conduct or reckless indifference to Mr. Perez' disability in an adequate amount to be determined at trial, based on Defendant's net worth.
6. Liquidated damage as allowed by Law.
7. Reasonable attorney's fees as allowed by Law.
8. Recoverable expenses
9. Such further relief as the Court may deem to be just and proper.

WHEREFORE, Mr. Perez demands judgment against Patricio Enterprises, Inc. as follows:

1. Compensatory damages in the amount to be determined at trial
2. Back pay, with prejudgment interest
3. Front pay
4. Damages for lost benefits.
5. Pre-judgement and post judgement interest.

6. Compensation for past and future non-pecuniary loss stemming from Patricio Enterprises, Inc. unlawful conduct, including but not limited to mental anguish, emotional distress and loss of enjoyment of life, in an amount to be determined at trial.

7. Punitive and exemplary damages arising from Patricio Enterprises, Inc. intentional and malicious conduct and/or reckless indifference to Mr. Perez' disability and well being in an adequate amount to be determined at trial, based on Defendant's net worth.

8. Compensation for injury to reputation.

9. Liquidated damage as allowed by Law.

10. Recoverable expenses

11. Such further relief as the Court may deem to be just and proper.

WHEREFORE, PREMISES CONSIDERED, Mr. Perez requests that after trial, the Court grant him all legal and equitable relief to which he may show himself justly entitled and which has been set out herein

By: *s/Adriaan T. Jansse*
SBN: 24043740/ Fed. I.D. 566674
CAVARETTA, KATONA & LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Tel: (210) 588-2901
Fax: (210) 588-2908
janssea@ckl-lawyers.com
*Counsel for Julian Perez*