Case 2:16-cv-00127   Document 27   Filed in TXSD on 01/04/17   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIAN PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-127 |
| | § | |
| NEW BREED LOGISTICS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Julian Perez (Perez) filed this action, alleging claims for discrimination under the Americans with Disabilities Act (ADA) and conspiracy, fraud, fraudulent inducement, and tortious interference under state law against Patricio Enterprises, Inc. (Patricio). Perez alleges that Patricio worked in concert with Perez's employer, Defendant New Breed Logistics Inc. (New Breed), to secure his termination after he suffered a workplace injury. Pending before the Court is Patricio's Rule 12(b)(6) Motion to Dismiss (D.E. 20) in which it seeks dismissal of all of Perez's claims against it. Perez has filed a response (D.E. 25) and Patricio has filed a reply (D.E. 26). For the reasons set forth below, Patricio's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In accordance with the standard of review applicable to motions to dismiss, the Court adopts Perez's version of the facts as set out in his First Amended Complaint (D.E. 14).[1] Patricio provides services to the Corpus Christi Army Depot (CCAD) pursuant to a

---
[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

contract with the United States Department of Defense. New Breed, pursuant to a subcontract with Patricio, hired Perez to work at CCAD in August 2011. In February 2012, Perez suffered an on-the-job injury. After a brief leave of absence, Perez was able to return to work, but he continued receiving medical treatment for his injury which worsened.

In June 2012, Perez had to cease working and seek worker's compensation benefits. In July 2012, unbeknownst to Perez, Patricio emailed New Breed to inquire whether Perez was suspended or terminated. New Breed answered that Perez would soon receive a bona fide offer of employment.[2] In response, Patricio recommended that Perez be terminated.

In August 2012, New Breed extended its bona fide offer of employment, accommodating Perez's medical restrictions. Perez accepted the offer and returned to work on August 15, 2012. However, three hours into his first day back at work, CCAD personnel escorted Perez off the property and confiscated his access badge and other credentials. On September 18, 2012, Perez received a letter from New Breed, stating that he was terminated because CCAD had revoked his security clearance.

Perez contends that he was removed from the premises because New Breed and Patricio misrepresented to CCAD personnel that Perez accessed CCAD without authorization. New Breed and Patricio orchestrated these events, knowing that CCAD

---

[2] A bona fide offer of employment is an offer to an injured employee to perform modified duties that are within the employee's work abilities as determined by the employee's treating doctor. 28 Tex. Admin. Code § 129.6 (2016) (Tex. Dep't of Ins., Bona Fide Offers of Emp't). An employee that rejects an offer that satisfies the administrative requirements may lose eligibility for worker's compensation benefits. *Id.*; 28 Tex. Admin. Code § 129.2 (2016) (Tex. Dep't of Ins., Entitlement to Temp. Income Benefits).

would revoke Perez's clearance, giving New Breed a pretext for terminating him. Perez filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in February 2013, against New Breed, but not Patricio. Perez received his right to sue letter in January 2016, at which time he initiated this action against New Breed.

As part of this suit, Perez requested a copy of the EEOC file from which he learned of Patricio's involvement in his termination. Perez thereafter amended his complaint to include claims against Patricio. Patricio moves for dismissal of all claims against it based on failure to exhaust remedies, limitations, and insufficient pleadings. For the reasons set out below, the motion is GRANTED with respect to Perez's ADA, tortious interference, and civil conspiracy claims. The motion is DENIED with respect to Perez's fraud and fraudulent inducement claims.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Twombly*, 550 U.S. at 558. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id.* Although dismissal is ordinarily determined

by whether the facts alleged in a complaint assert a plausible claim for relief, a claim may also be dismissed if a successful affirmative defense—such as limitations—appears "clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

### B. Federal Rule of Civil Procedure 12(b)(1)

Although Patricio's motion is couched only in terms of Rule 12(b)(6), courts have been instructed to address 12(b)(1) jurisdictional issues before addressing any attack on the merits of a claim. *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Thus, when confronted with questions regarding the court's subject matter jurisdiction, district courts must address the issue, sua sponte if necessary. *Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 545 (5th Cir. 1990).

Under a Rule 12(b)(1) challenge, "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may find lack of subject matter jurisdiction on any of the following three bases: (1) the complaint; (2) the complaint along with undisputed facts evidenced in the record; and (3) the complaint along with undisputed facts and the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

## DISCUSSION

### A. ADA Discrimination Claim

Patricio argues that Perez's ADA claim must be dismissed because Perez failed to exhaust administrative remedies against Patricio. The ADA incorporates by reference the remedies and procedures set forth in Title VII, 42 U.S.C. § 2000e-4 *et seq*. *See* 42 U.S.C. § 12117. Therefore, filing a charge of discrimination with the EEOC is a prerequisite to filing suit in federal court. *Id.*; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam).

There is disagreement in the Fifth Circuit as to whether Title VII's exhaustion requirement, incorporated by reference in the ADA, is a jurisdictional prerequisite.[3] In recent, well-reasoned opinions, two Southern District of Texas courts have concluded that administrative exhaustion is required for a court to have subject matter jurisdiction. *Davis v. Fort Bend Cnty.*, No. 4:12-CV-131, 2016 WL 4479527, at *3-4 (S.D. Tex. Aug. 24, 2016) (appeal filed); *Muoneke v. Prairie View A&M Univ.*, No. H-15-2212, 2016 WL 3017157, at *6 n. 2 (S.D. Tex. May 26, 2016). This Court agrees with the reasoning of those opinions and concludes that failure to exhaust administrative remedies precludes

---

[3] *Compare Simmons-Myers v. Ceasars Entertainment Corp.*, 515 Fed. Appx. 269, 272 (5th Cir. 2013) (per curiam) ("Courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."); *Randel v. Dep't of U.S. Navy*, 157 F.3d 392, 395 (5th Cir. 1998) ("If the claimant fails to comply with either of these [Title VII] requirements then the court is deprived of jurisdiction over the case."); *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994) ("It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."); *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("[I]t is the well-settled law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter jurisdiction."); *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981) ("The exhaustion requirement . . . is an absolute prerequisite to suit."), *with Yee v. Baldwin-Price*, 325 Fed. Appx. 375, 378 (5th Cir. 2009) (per curiam) ("The exhaustion requirement is not jurisdictional . . . and is subject to traditional equitable defenses of waiver, estoppel, and equitable tolling."); *Young v. Houston*, 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction."); *see also Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006) (recognizing the split).

subject matter jurisdiction over an ADA claim. Because the requirement is jurisdictional, it cannot be excused by equitable doctrines such as waiver and estoppel. *See Pacheco*, 448 F.3d at 788 n. 7.

Perez admits that he did not file a discrimination charge against Patricio,[4] but argues that administrative exhaustion was excused because he was unaware of Patricio's involvement until he filed this lawsuit and dismissing his claim against Patricio would be inequitable. However, as discussed above, the Court lacks subject matter jurisdiction over the ADA claim. Therefore, Perez's ADA claim against Patricio is DISMISSED for lack of subject matter jurisdiction.[5]

### B. Tortious Interference and Civil Conspiracy Claims

Patricio moves for dismissal of Perez's tortious interference and civil conspiracy claims, arguing that they are barred by limitations. A claim for tortious interference is subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code. Ann. § 16.003(a) (West 2002); *First Nat'l Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986). A claim for civil conspiracy is also subject to a two-year statute of limitations.[6] Perez does not challenge the two-year period and concedes that he filed this

---

[4] It appears that Perez filed an EEOC charge against Patricio in March 2012 (before the termination), alleging Title VII violations based on sex and national origin discrimination and retaliation. D.E. 20-1. Perez did not allege ADA claims in that charge so his ADA claims have not been exhausted. *Wesley v. Dall. Indep. Sch. Dist.*, No. 3-08-CV-2025-K, 2009 WL 193786, at *2 (N.D. Tex. Jan. 27, 2009) (*citing Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

[5] Patricio also argues that the ADA claim should be dismissed because Patricio is not an employer under the ADA. Because the claim is dismissed for want of jurisdiction, the Court does not address this argument.

[6] Civil conspiracy has been defined as an agreement by two or more persons to accomplish an unlawful purpose. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Some cases refer to it as a "derivative tort" because a defendant's liability for civil conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one defendant liable. *See, e.g., id*. The great weight of authority has held that civil conspiracy

suit more than two years after the relevant events occurred. However, Perez argues that he was unaware of Patricio's involvement until after he filed this suit and therefore invokes the discovery rule.

The discovery rule "'operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim.'" *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013) (*quoting Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)). It is a "'very limited' exception and will be applied only 'when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable.'" *Id.* (*quoting Wagner & Brown*, 58 S.W.3d at 734). Texas courts have "set the 'inherently undiscoverable' bar high, to the extent that the discovery rule will apply only where it is nearly impossible for the plaintiff to be aware of his injury at the time he is injured." *Id.* (*citing S.V. v. R.V.*, 933 S.W.2d 1, 6–7 (Tex.1996)). Courts determine "whether an injury is inherently undiscoverable on a categorical basis because such an approach brings predictability and consistency to the jurisprudence." *Wagner & Brown,* 58 S.W.3d at 735 (internal quotation omitted). The question is whether the injury is the type "that generally is discoverable by the exercise of reasonable diligence." *Id.* (internal quotation omitted).

---

is subject to a two-year statute of limitations, even if the underlying tort is subject to a longer limitations period. *Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001); *Mayes v. Stewart*, 11 S.W.3d 440, 453 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *but see Barbouti v. Hearst Corp.*, 927 S.W. 37, 53 (Tex. App.—Houston [1st Dist.] 1996) (stating that conspiracy to commit libel is subject to libel's one-year statute of limitations), *modified on other grounds en banc*, 927 S.W.2d 37, 62 (Tex. App.—Houston [1st Dist.]) (en banc). Thus, a conspiracy to defraud is subject to a two-year statute of limitations, even though the underlying tort—fraud—is subject to a four-year statute of limitations.

The emphasis of the analysis is on the plaintiff's injury. Once the plaintiff is aware of his injury, limitations begin to run, "even if the claimant does not yet know 'the specific cause of the injury; *the party responsible for it*; the full extent of it; or the chances of avoiding it." *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 207 (Tex. 2011) (emphasis added) (*quoting PPG Indus., Inc., v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004)). A plaintiff that has been put on notice of injury or harm "must exercise reasonable diligence to investigate the suspected harm and file suit, if at all, within the limitations period." *Id.* (*citing HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)).

Here, Perez's injury occurred when his employment was terminated. Perez became aware of this injury as early as August 15, 2012, when he was asked to leave CCAD, and no later than September 18, 2012, when he received the letter terminating him. Perez's injury was clear at that time—more than two years prior to the filing of this action. The discovery rule, therefore, does not delay the expiration of his claim. Patricio's motion to dismiss is GRANTED with respect to Perez's tortious interference and civil conspiracy claims.[7]

### C. Fraud and Fraudulent Inducement Claims

#### 1. Limitations

Patricio's first challenge to the fraud and fraudulent inducement claims is based on the four-year statute of limitations that applies to those claims. Tex. Civ. Prac. & Rem.

---

[7] Patricio also argues that Perez failed to plead facts that would satisfy certain elements of his conspiracy claim. Because the claim is dismissed as time barred, the Court need not, and does not, address those arguments.

Code Ann. § 16.004(a)(4); *Hodges v. Rajpal*, 459 S.W.3d 237, 244-45 (Tex. App.—Dallas 2015, no pet.) (fraud and fraudulent inducement are subject to the four-year statute of limitations). Patricio argues that Perez's amended complaint which added claims against Patricio was filed on August 24, 2016—the day the Court granted Perez leave to amend his complaint. That date is four years and nine days after Perez was escorted off CCAD (August 15, 2012),[8] and thus nine days too late. Perez argues that his amended complaint should relate back to his original complaint filed in April 2016. Alternatively, he contends that his amended complaint should be deemed filed the day he filed his motion for leave to amend his complaint, August 12, 2016 (three days before the statute expired).

Perez's amended complaint is deemed filed on the date he filed his motion for leave to amend the complaint. "[W]here the petition for leave to amend the complaint has been filed prior to the expiration of the statute of limitations, while the entry of the court order and filing of the amended complaint have occurred after the limitations period has expired . . . the amended complaint is deemed filed within the limitations period." *Mayes v. AT&T Info. Servs., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) (per curiam) (*citing Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15, 17 (5th Cir. 1927)); *see also Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed

---

[8] Perez does not challenge this accrual date.

amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations.").

Perez petitioned the Court for leave to amend his complaint and attached the proposed amended complaint to his motion before the four-year limitations period expired. D.E. 10. Therefore, Perez's fraud and fraudulent inducement claims are not time barred.

### 2. Sufficiency of the Pleadings

Patricio's second challenge to the fraud-related claims is based on the *Twombly* requirement for fact-specific pleadings. The elements of common law fraud are: (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation was false or made it recklessly without knowledge of its truth; (4) the defendant made the representation with the intent that the plaintiff act on it; (5) the plaintiff relied on the representation; and (6) the representation caused the plaintiff's injury. *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011). For fraudulent inducement, the plaintiff must prove, in addition to the elements of fraud, that he actually entered into a binding agreement based on the misrepresentation. *Haase v. Glazner*, 62 S.W.3d 795, 797-98 (Tex. 2001).

Patricio argues that Perez's amended complaint does not allege facts that would satisfy the first element—a material representation—as to Patricio. Because the bona fide offer of employment was from New Breed, only New Breed made a representation to Perez. Perez counters that New Breed and Patricio both wanted him terminated so they

schemed to lure him to CCAD by sending him the bona fide letter of employment and then had him escorted off the premises.

A third party can be held liable for the misrepresentation of another if the third party benefitted from the fraudulent transaction and had knowledge of the fraud. *First State Bank of Miami v. Fatheree*, 847 S.W.2d 391, 396 (Tex. App.—Amarillo 1993, writ denied) (*citing Corpus Christi Area Teachers Credit Union v. Hernandez*, 814 S.W.2d 195, 202 (Tex. App.—San Antonio 1991, no writ). "The partaking of the benefits of a fraudulent transaction makes the participants principles and liable as such." *Hernandez*, 814 S.W.2d at 202 (*quoting Five Star Transfer & Terminal Warehouse Corp. v. Flusche*, 339 S.W.2d 384, 387 (Tex. App.—Texarkana 1960, writ ref'd n.r.e.)); *see also In re Arthur Andersen LLP*, 121 S.W.3d 471, 481 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]) ("[A]lthough the third parties may not have misrepresented anything to the Plaintiffs, they may be liable for fraud because they allegedly participated in the fraudulent transactions and reaped the benefits.").

Here, Perez alleges that Patricio knew that New Breed would make a bona fide offer of employment with no intent to provide Perez with an accommodation and that both New Breed and Patricio intended for Perez to rely on the offer and enter CCAD's premises. D.E. 14, pp. 6-7. Perez further alleges that Patricio participated in the plan by falsely communicating to CCAD that Perez was on the property without authorization. *Id.*, p. 4. Last, Perez asserts that it was initially Patricio's idea to terminate Perez. D.E. 14, p. 4. Perez has pled that Patricio was aware of the misrepresentation, actively participated in the events, and arguably benefited from the actions because Patricio

wanted Perez terminated. Perez has pled sufficient facts to survive a 12(b)(6) motion on his fraud and fraudulent inducement claims. Therefore, Patricio's motion to dismiss is DENIED with respect to those claims.

## CONCLUSION

For the reasons stated above, Defendant Patricio Enterprises, Inc.'s motion to dismiss (D.E. 20) is GRANTED IN PART with respect to Plaintiff Julian Perez's ADA claim and state law civil conspiracy and tortious interference claims. Perez's ADA claim is DISMISSED for lack of subject matter jurisdiction and his conspiracy and tortious interference claims are DISMISSED WITH PREJUDICE based on limitations. The motion to dismiss (D.E. 20) is DENIED IN PART with respect to Perez's fraud and fraudulent inducement claims.

ORDERED this 4th day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE