UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JULIAN PEREZ, §
§
    Plaintiff, §
VS. § CIVIL ACTION NO. 2:16-CV-127
§
NEW BREED LOGISTICS, INC., *et al*, §
§
    Defendants. §

## **ORDER**

Plaintiff Julian Perez (Perez) worked for New Breed Logistics, Inc. (New Breed). New Breed is a subcontractor of Patricio Enterprises, Inc. (Patricio), which in turn contracted with the Department of Defense Logistics Agency (DLA) to provide distribution logistics for, and on the premises of, the Corpus Christi Army Depot (CCAD). After Perez took leave to recover from a workplace injury, he returned to work pursuant to a "bona fide offer of employment" that purported to accommodate his remaining disability. Within only a few hours, DLA security personnel confiscated his security clearance documents and escorted him from the premises. New Breed later informed Perez that his employment was terminated because DLA had revoked his security clearance to work at the CCAD site.

Perez sued New Breed and Patricio, arguing that they lied to DLA about Perez's employment status in order to induce DLA to revoke his security clearance documents. Then New Breed, citing the security issue, had a plausible (albeit falsely manufactured) non-discriminatory reason to terminate his employment. They did this as a pretext to

1 / 8

obscure the real reason for termination: disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.

After this Court's January 4, 2017 Order (D.E. 27) on Patricio's Rule 12 motion to dismiss, the following claims remain:

- As against Patricio: common law fraud and fraudulent inducement. D.E. 14, 27.

- As against New Breed: violations of the Americans with Disability Act, conspiracy to engage in a discriminatory discharge, common law fraud, and fraud in the inducement. D.E. 14.

New Breed and Patricio have filed separate motions for summary judgment seeking dismissal of all claims, to which Perez has responded and Defendants have replied. D.E. 41, 42, 52, 53, 57, 59. Defendants further objected to some of Perez's exhibits, to which Perez has responded and Defendants have replied. D.E. 58, 60, 63, 64, 68, 69. For the reasons stated below, the Court:

- GRANTS Patricio's motion for summary judgment (D.E. 41) and DISMISSES all claims against Patricio;

- DENIES AS MOOT Patricio's motion to strike evidence (D.E. 58);

- GRANTS IN PART New Breed's motion for summary judgment (D.E. 42) as to the fraud and conspiracy causes of action;

- TAKES UNDER ADVISEMENT both the balance of the motion (D.E. 42) as to the disability discrimination claim and New Breed's motion to strike evidence (D.E. 60); and

- ORDERS this matter to be heard as to the motion for summary judgment (D.E. 42) challenging the remaining disability discrimination claim and the motion to strike (D.E. 60) on **February 2, 2018 at 10:00 a.m.**

## DISCUSSION

### A. Fraud

#### 1. Fraud in the Inducement

It is undisputed that Perez's employment with New Breed on the Patricio/CCAD project was an at-will arrangement under Texas law. *See generally*, *Midland Judicial Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002) (per curiam) (Texas employees are presumed to be hired at will). Consequently, Perez could be terminated for any reason or no reason, so long as the termination was not for a reason prohibited by statute. *See generally, Urdiales v. Concord Techs. Delaware, Inc.*, 120 S.W.3d 400, 407 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In this case, the only statutory prohibition upon which Perez relies is the Americans with Disabilities Act (ADA). D.E. 14. The first question, then, is how any cause of action for fraud conceptually fits into this discriminatory discharge case.

The parties spar over whether an employee may be fraudulently induced into an at-will employment contract because at-will employment comes with no guarantees. The

Supreme Court of Texas has answered this question. "This [lack of a guarantee of prospective employment] does not mean that at-will employees can never sue for fraud. Recovery of expenses incurred in reliance on a fraudulent promise of prospective employment has been allowed because neither the injury nor the recovery depends on continued employment." *Sawyer v. E.I. Du Pont De Nemours & Co.*, 430 S.W.3d 396, 400 (Tex. 2014). However, this case does not fall into the *Sawyer* exception. This case is about injury and recovery for the deprivation of continued employment. So the narrow path to a fraudulent inducement claim does not apply.

The pleading simply does not suggest that Perez changed his circumstances in accepting the bona fide offer of employment. Rather, his entire case is based upon the proposition that he already had the job and was discharged for an impermissible reason, losing only his prospective wages. Thus the claim of fraudulent inducement, which requires a plaintiff to be induced into a contract by the use of false representations, has no application here as to either Defendant. *See, Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001) (when a party has not been induced into a contract, there is no detrimental reliance and therefore no fraudulent inducement claim).

### 2. Common Law Fraud

Perez's common law fraud allegations complain of two misrepresentations: (1) the bona fide offer of employment to Perez, purporting to accommodate his disabilities; and (2) the false notification to DLA that Perez was on CCAD premises without authorization. The allegedly false offer of employment only fits the context of this case insofar as it reflects a failure to comply with the ADA's requirement that an employer

accommodate an employee's disability.  *See* 42 U.S.C. § 12112(b)(5)(A).  In that regard, like the fraudulent inducement allegation, it is not a viable cause of action separate and apart from the ADA claim.

The same holds true for the notification to DLA.  The fraud section of the complaint presents the allegations about the false notification solely in the context that "Defendants New Breed and Patricio never had the intent to provide Plaintiff with an accommodation and as a result of his termination Plaintiff suffered injuries."  D.E. 14, p. 8.  The alleged fraud is tied into the proof of pretext, which only goes to the question whether New Breed complied with the ADA.  There is no claim that any falsehood communicated to DLA was actionable in any other context.

Because both misrepresentation allegations present issues that are only subsidiary to the question of a bona fide offer of employment or reasonable accommodation as a part of ADA compliance, they do not stand on their own.  They do not state a claim in that Perez has failed to demonstrate that any alleged fraudulent representations caused a cognizable injury standing alone.  There is no allegation or evidence that Perez relied on any fraudulent misrepresentation to his detriment.  The Court GRANTS the motions (D.E. 41 and 42) and DISMISSES the common law fraud and fraudulent inducement claims.

**B. Conspiracy**

Perez alleges that New Breed and Patricio conspired to provide him with a false offer of an employment accommodation so as to appear to comply with the requirements of the ADA.  The alleged conspiracy included Patricio reporting Perez as being on

CCAD property without authorization and inducing the confiscation of Perez's security clearance documents. New Breed, the only Defendant against which the claim remains, challenges the conspiracy claim on the basis of the two-year period of limitations. Perez was terminated, at the latest, by letter dated September 18, 2012, and the conspiracy allegations were not pled until August 24, 2016, nearly four years later. D.E. 14.

Perez claims that the discovery rule should apply in that he did not learn that the revocation of his DLA clearance was a pretext until after January 25, 2016. D.E. 53, p. 16. Furthermore, he argues for the relation-back of his amended complaint to his original complaint, filed on April 19, 2016. As made clear by this Court's previous Order (D.E. 27, pp. 7-8), those arguments are insufficient to preserve the claim against the limitations defense. Perez was on notice of his claim when he was terminated. The falsely-manufactured revocation of his security clearance was not an inherently undiscoverable cause of that termination. Therefore, his conspiracy claim expired, at the latest, on September 18, 2014, approximately 19 months before he filed this action.

That said, the conspiracy claim presents an additional problem not discussed by either party: Perez's failure to exhaust administrative remedies. The ADA requires exhaustion of administrative remedies, borrowing from Title VII enforcement provisions. *See* 42 U.S.C. §§ 2000e-5, 12117(a). Conspiracy is a claim subject to exhaustion. *Reedy v. CITGO Petroleum Corp.*, No. CIV.A. H-10-2971, 2011 WL 797498, at *9 (S.D. Tex. Feb. 28, 2011) (finding facts sufficient to administratively exhaust conspiracy claim in Title VII action).

While Perez did not originally submit his EEOC claim for the Court's review, he has admitted that he did not consider his conspiracy claim until after the EEOC claim was determined and he obtained the EEOC investigative file. Thus he could not have complained of the alleged conspiracy when he filed the EEOC claim at the outset. In connection with evidentiary disputes, Perez later attached his EEOC complaint, which confirms that he did not complain of any conspiracy to falsely induce the DLA to revoke his security clearance. D.E. 63-2, pp. 71-73. Because he did not exhaust it, the claim must be dismissed.

The Court GRANTS New Breed's motion (D.E. 42) and DISMISSES the remaining conspiracy claim.

### C. ADA

The only remaining claim is against New Breed for violation of the Americans with Disabilities Act. New Breed has challenged both whether there is evidence to support Perez's prima facie case of disability discrimination and whether he has adequately shown that the DLA revocation of security clearance is pretextual. This dispute involves not only evidence accumulated in the EEOC investigation, but objections based upon hearsay and the admissible form of the summary judgment evidence.

The Court TAKES UNDER ADVISEMENT these issues and sets a hearing for the parties to present oral argument and answer questions regarding same.

## CONCLUSION

For the reasons set out above, the Court:

- GRANTS Patricio's motion for summary judgment (D.E. 41) and DISMISSES all claims against Patricio;

- DENIES AS MOOT Patricio's motion to strike evidence (D.E. 58);

- GRANTS IN PART New Breed's motion for summary judgment (D.E. 42) as to the fraud and conspiracy causes of action;

- TAKES UNDER ADVISEMENT both the balance of the New Breed motion for summary judgment (D.E. 42) as to the disability discrimination claim and New Breed's motion to strike evidence (D.E. 60); and

- ORDERS this matter to be heard as to the motion for summary judgment (D.E. 42) challenging the remaining disability discrimination claim and the motion to strike (D.E. 60) on **February 2, 2018 at 10:00 a.m.**

ORDERED this 16th day of January, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE